**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

| | |
|---|---|
| FLOYD MAYWEATHER, | |
| Plaintiff, | 2:13-cv-00210-JAD-VCF |
| vs. | **REPORT AND RECOMMENDATION** |
| THE WINE BISTRO, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Order to Show Cause Why Defendant Blake Turner's Answer Should Not be Stricken and Default Entered.  (#42).

**Motion:**

Plaintiff seeks (1) striking of Defendant Blake Turner's answer and (2) entering of default.  On September 13, 2013, Defendant Turner filed an Answer (#10) and a Notice of Appearance (#11). Turner has not filed in this case since that date.  Plaintiff's counsel asserts that he was unable to reach or communicate with Defendant Turner regarding the Early Case Conference and proposed discovery plan. *Id.*  Plaintiff states that a Notice of Taking Deposition of Blake Turner was overnighted to Defendant on January 15, 2014.  The deposition of Defendant Turner was noticed for 10:30 a.m., January 30, 2014, a few miles from Defendant's home.  On the day of the deposition, Defendant Turner failed to appear for his deposition and failed to contact Plaintiff's counsel to discuss or reschedule the deposition.  *Id.* To date, no opposition to the instant motion has been filed.

**Analysis:**

Defendant Turner has repeatedly failed to follow the rules of this Court.  He has failed to engage in the discovery process; thus, he has not complied with Fed. R. Civ. P. 26.  He failed to submit a

discovery plan and scheduling order and failed to appear for the December 18, 2013 discovery hearing (#41).  On January 30, 2014, Defendant failed to appear for his deposition as scheduled by Plaintiff. (#42).

On February 14, 2014, Plaintiff filed the instant motion (#42).  To date, the Defendant Turner has not filed an opposition.  The time to file an Opposition has passed.  Pursuant to LR 7-2 (d), "[t]he failure of an opposing party to file points and authorities in response to any motions shall constitute a consent to the granting of the motion."

Under Fed. R. Civ. P. 37(b), if a party fails to obey an order to provide or permit discovery, including an order under Rule 26(f) then the court where the action is pending may issue further just orders and may dismiss the action or proceeding in whole or in part.  Defendant Turner has failed to comply with Fed. R. Civ. P. 26, Local Rule 26-1, and Court Order #36 concerning discovery.

The Court has authority to dismiss the case for failure to cooperate in the progress of the litigation.  "This power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment..." *Mederios v. United States*, 621 F.2d 468, 470 (1st Cir. 1980). To be sure, "[all litigants, including *pro se*s, have an obligation to comply with court orders." *Minotti v. Lensink*,  895 F.2d 100, 103 (2d Cir. 1990)(per curiam). Thus, when Mr. Turner flouts the obligation to comply with court orders he, like all litigants, must suffer the consequences of their non-compliance.  See *McDonald v. Miegel*, 850 F.2d 121, 124 (2d Cir. 1988). Further, the Court need not always exhaust every sanction short of dismissal before final action. *Edelson v. Commissioner*, 829 F.2d 828, 831 (9th Cir. 1987). Such a decision lies within the discretion of this Court. See *National Hockey League v. Metropolitan Hockey Club. Inc.*, 427 U.S. 639, 642 (1976); *Link v. Wabash R. Co.*, 370 U.S. 628 (1962) (affirming district court's dismissal under Rule 41(b) after  plaintiff's attorney failed to appear at a pretrial conference).

Because the sanction of striking an answer or entering default is a harsh penalty, the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of

litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Porter v. Martinez*, 941 F.2d 732,733 (9th Cir.1991) (citations and internal punctuation omitted); *Holmquist v. Exotic Cars at Caesars Palace, LLC*, 2008 WL 4491551 (D. Nev. 2008).

The key factors are prejudice and the availability of lesser sanctions. *Henry v. Gill Industries*, 983 F.2d 943, 948 (9th Cir.1993) citing *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir.1990). For dismissal to be proper, the conduct to be sanctioned must also be due to willfulness, fault or bad faith. *Henry*, 983 F.2d at 947-48, citing *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir.1985). See also *Valley Engineers Inc. v. Electric Engineering Company*, 158 F.3d 1051 (9th Cir.1998); *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir.1995); and *Leon v. IDX Systems Corp.*, 464 F.2d 951 (9th Cir.2006).  Here, all of the five factors except number four weigh heavily in favor of striking Defendant Turner's answer and entering default.  The key factors of (1) Defendant Turner's lack of participation in this case that would prejudice Plaintiff, and (2) Defendant Turner's disregard for this Court's Orders and discovery rules justify granting the relief requested.

## RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that Plaintiff's Motion for Order to Show Cause Why Defendant Blake Turner's Answer Should Not be Stricken and Default Entered (#42) be GRANTED and the case be dismissed under Fed. R. Civ. P. 37(b).

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file

objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 28th day of March, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE