1
2
3
4
5
6
7
8
9
10
11
12
13

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Floyd Mayweather,<br><br>          Plaintiff,<br><br>vs.<br><br>The Wine Bistro, LLC, et al.,<br><br>          Defendants. | No: 2:13-cv-210-JAD-VCF<br><br>**Order Adopting Report and<br>Recommendation in Part [Doc. 44]<br>and Granting Plaintiff's Motion for<br>an Order to Show Cause [Doc. 42]** |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

        Before the Court is Magistrate Judge Ferenbach's March 28, 2014, Report and Recommendation recommending that the District Court grant Plaintiff Floyd Mayweather's Motion for an Order to Show Cause Why Defendant Blake Turner's Answer Should Not be Stricken and Default Entered [Doc. 42] and dismiss Turner from this case for his failure to comply with the court-ordered discovery process. Doc. 44 at 2-3. Objections were due April 14, 2014. Neither Mayweather nor Turner filed an objection to Judge Ferenbach's Report and Recommendation. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[1]

        Federal Rule of Civil Procedure 37(b)(2) provides that a party who "fails to obey an order to provide or permit discovery, including an order under Rule 26(f) . . . may issue further just orders."[2] Sanctions for such failures include, *inter alia*, (i) directing that the matters embraced

_____

[1] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[2] Fed. R. Civ. Proc. 37(b)(2).

1

1  in the order or other designated facts be taken as established for purposes of the action, as the

2  prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing

3  designated claims or defenses, or from introducing designated matters in evidence; (iii) striking

4  pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v)

5  dismissing the action or proceeding in whole or in part; or (vi) rendering a default judgment

6  against the disobedient party.[3]  Of these sanctions, striking pleadings is viewed as an

7  intermediate remedy,[4] whereas a default judgment or dismissal are "authorized only in extreme

8  circumstances and only where the violation is due to willfulness, bad faith, or fault of the party."[5]

9  A combined request to strike pleadings in full and enter default against a party has been

10  characterized as "severe."[6] "The scope of sanctions for failure to comply with a discovery order

11  is committed to the sound discretion of the district court."[7]

12  To evaluate whether striking an answer and entering default under Rule 37(b)(2)(iii) is

13  appropriate, courts consider five factors: "(1) the public's interest in expeditious resolution of

14  litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party

15  seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the

16  availability of less drastic sanctions."[8]  Prejudice and the availability of lesser sanctions are

---

[3] *Id.*

[4] *See United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980); *Cf. Parker v. Upsher-Smith Laboratories, Inc.*, 2009 WL 418596, at *5 (D. Nev. Feb. 18, 2009) (citing, *e.g.*, *Sumitomo*).

[5] *Shearson Loeb Rhoades, Inc. v. Quinard*, 751 F.2d 1102, 1103 (9th Cir. 1985) (default judgment); *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (internal quotations omitted) (dismissal). *See also Lackey v. SDT Waste and Debris Services*, 2013 WL 5772325, at *4 (E.D. La. Oct. 23, 2013) ("[D]ismissal with prejudice is a sanction of last resort, which is only to be applied in extreme circumstances where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions.") (citation omitted).

[6] *Holmquist v. Exotic Cars at Caesar's Palace, LLC*, 2008 WL 4491551, at *5 (D. Nev. Sept. 29, 2008) (citing *Henry v. Gill Industries*, 983 F.2d 943, 948 (9th Cir. 1993).

[7] *Payne v. Exxon Corp.*, 121 F.3d 503, 510 (9th Cir. 1997); *see National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 642 (1976).

[8] *Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991) (quotation omitted); *see Holmquist*, 2008 WL 4491551, at *5-*6 (citing *Porter*).

1  commonly deemed the most important of these factors.[9]

2  Judge Ferenbach found that "all of the five factors except number four weigh heavily in

3  favor of striking Defendant Turner's answer and entering default."  Doc. 44 at 3.  Judge

4  Ferenbach noted that Turner failed to participate in the case or comply with the Court's

5  discovery orders, as he failed to: (1) engage in the discovery process, in violating Rule 26; (2)

6  submit a discovery plan and scheduling order; (3) appear at a December 18, 2013, discovery

7  hearing; and (4) appear for his deposition on the date Plaintiff had scheduled.  Doc. 44 at 1-2.

8  Turner was provided with an opportunity to object to Judge Ferenbach's Report and

9  Recommendation, but declined to contest the conclusions reached.

10  The Court agrees with Judge Ferenbach that Turner's conduct is sufficiently "willful" to

11  warrant striking his answer in full and entering default against him, as authorized by Rule

12  37(b)(2)(iii).  As Turner has completely failed to participate in discovery, even after being

13  instructed by the Court to do so, no less drastic sanction is now available; Plaintiff will be

14  prejudiced by continuing to expend resources to collect facts sufficient to bring a merits-based

15  resolution to his claims against Turner.  The Court adopts Judge Ferenbach's Report and

16  Recommendation to the extent it is consistent with this order.

17  Accordingly, and with good cause appearing,

18  It is **HEREBY ORDERED** that Judge Ferenbach's Report and Recommendation **[Doc.**

19  **44] is ADOPTED** to the extent consistent with this Order.

20  It is **FURTHER ORDERED** that Plaintiff's Motion for Order to Show Cause **[Doc. 42]**

21  **is GRANTED**, Defendant Turner's Answer [Doc. 10] is stricken, and the clerk is instructed to

22  enter default against him.

23  DATED: June 4, 2014.

24  _____

JENNIFER A. DORSEY
25  UNITED STATES DISTRICT JUDGE

26

27

28

9 *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

3